# LAW OFFICE OF
# ZACHARY MARGULIS-OHNUMA

October 1, 2007

VIA ECF

Sarah Coyne, Esq.
Robert Radick, Esq.
Assistant United States Attorney
Eastern District of New York
One Pierrepont Plaza
Brooklyn, NY 11201

    RE: USA v. LoPresti, et al., 07 Cr. 273 (CBA)

Dear Ms. Coyne and Mr. Radick:

    This letter is a response to your request for reciprocal discovery pursuant to Rule 16(b).  Other than materials you have provided to us, Mr. LoPresti is not in possession of any discoverable material, i.e. any material that we presently intend to offer as part of our case in chief.

    However, as you are aware, we are in possession of a relevant investigative report, including interviews and affidavits of U.S. government employees, provided by the walled Assistant United States Attorney Lee J. Freedman. We reserve the right to use these materials to impeach or to rebut the government's case.  Although we are not presently offering them in our case-in-chief, it is possible we may in fact do so.  Therefore, in an abundance of caution, I am providing these materials to you herewith, redacted to protect Mr. LoPresti's rights under Garrity v. New Jersey, 385 U.S. 493 (1967).

    In addition, please be advised that we will provide a summary of expert testimony pursuant to Rule 16(b)(1)(C) when it becomes available.

    Finally, with respect to your letter dated today, I note that, despite repeated requests, the government has not provided any incident reports or further information

# Law Office of Zachary Margulis-Ohnuma

regarding the March 24, 2002 assault on an officer by Mr.
George referenced in the Card File.  See RG 323.  Please
let me know as soon as possible your position with respect
to these materials.

Very truly yours,

*Zachary Margulis-Ohnuma*

Zachary Margulis-Ohnuma

Encls.

CC:  Clerk of Court (via ECF)



**U.S. Department of Justice**

**Federal Bureau of Prisons**

*Metropolitan Detention Center*

---

*Brooklyn, New York 11232*

**March 31, 2003**

MEMORANDUM TO:   Michael A. Zenk, Warden

FROM:            L. N'Diaye, Special Investigative Agent

SUBJECT:         Salvatore Lopresti, Captain
                 Scott Roseberry, Correctional Officer

### EXECUTIVE SUMMARY

The Special Investigative Agent at the Metropolitan Detention Center in Brooklyn, New York, concluded an inquiry for the Office of Internal Affairs regarding the allegation of Physical Abuse of an Inmate by Salvatore Lopresti and Scott Roseberry.

As a result of this inquiry, the allegation made against Mr. Lopresti and Mr. Roseberry is not sustained.

### SOURCE OF ALLEGATION

On November 13, 2002, at approximately 11:15am, inmate George, Robert 00177-005 attempted suicide by tying a bed sheet around his neck while he was in the Special Housing unit. Staff entered his cell in order to prevent inmate George from causing bodily harm to himself. When staff entered the cell, inmate George began attacking and hitting staff. Staff gained control of inmate George and placed him on suicide watch. During an interview with the Chief Psychologist, inmate George alleges that he was not attempting suicide and staff entered his cell and banged his head against the floor because he would not take a hat off of his head.

1

Inmate George stated Salvatore Lopresti, Captain, Scott Roseberry, Correctional Officer, and six other people entered his cell.

## **INVESTIGATION**

**Inmate Robert George 00177-005** statement was taken from a memorandum submitted by Diana Guerrero, Chief Psychologist, dated November 14, 2002. Inmate George made the following statement:

Inmate George stated he did not try to hang himself and he did not put any item around his neck. Inmate George further stated the Captain and an AW were making rounds and asked him to take his hat off and he refused. Inmate George said sometime later the Captain, Officer Roseberry and six or seven other people, entered his cell and hit his head against the floor. Inmate George also said the staff members then yelled out that he tried to hang himself. Inmate George stated he did not make any ropes to hang himself.

On March 5, 2003, the Special Investigative Agent conducted an interview with **Alfred Santana, Correctional Officer** concerning the events that had taken place on November 13, 2002. Mr. Santana made the following statement:

Mr. Santana stated he is employed as a Correctional Officer at the Metropolitan Detention Center in Brooklyn, New York. Mr. Santana further stated he was making rounds on the range and inmate George informed him that he was going to hang himself. Mr. Santana said he ran to the telephone to call Lieutenant Tassio for assistance. Mr. Santana also said he then went back to inmate George's cell and he had sheets tied to the tee bar in the cell and was putting the sheet around his neck. Mr. Santana stated he opened the cell door when Captain Lopresti, Lieutenant Tassio, Officer Peterson, and Officer Roseberry arrived on the range. Mr. Santana further stated they entered the cell to remove the sheet from inmate George's neck and he became combative. Mr. Santana said he (George) struck the Captain in his face. Mr. Santana also said they then placed inmate George on the ground and he continued to struggle with them. Mr. Santana stated they placed inmate George in restraints and gained control of him. Mr. Santana further stated they then escorted inmate George to be examined by medical staff. Mr. Santana said he did not witness any staff member physically abuse inmate George.

2

On March 5, 2003, the Special Investigative Agent conducted an interview with **Scott Roseberry, Correctional Officer** concerning the events that had taken place on November 13, 2002. Mr. Roseberry made the following statement:

Mr. Roseberry stated he is employed as the Correctional Officer at the Metropolitan Detention Center in Brooklyn, New York. Mr. Roseberry further stated he was in SHU and Officer Santana called for assistance on the radio.

Mr. Roseberry said Officer Santana was pointing at inmate George's cell door. Mr. Roseberry also said when they looked in the door, inmate George had a sheet around his neck and the sheet was tied to the bars on the window. Mr. Roseberry stated he entered the cell with Captain Lopresti, Lieutenant Tassio, Officer Peterson, and Officer Santana. Mr. Roseberry further stated they went to take the sheet from around inmate George's neck and he began swinging his arms in a violent manner at staff. Mr. Roseberry said inmate George punched Captain Lopresti in his face. Mr. Roseberry also said they took the sheet from him and placed him on the ground to gain control of him. Mr. Roseberry stated inmate George was struggling with them while he was on the ground and he tried to bite Officer Peterson. Mr. Roseberry further stated they placed inmate George in restraints along with a helmet on his head and escorted him to the hospital. Mr. Roseberry said he did not physically abuse inmate George nor did he witness any staff member physically abuse inmate George. Mr. Roseberry also said they used enough force on inmate George to control the situation because he was assaulting and attacking staff.

On March 5, 2003, the Special Investigative Agent conducted an interview with **Kirk Gittens, Correctional Officer** concerning the events that had taken place on November 13, 2002. Mr. Gittens made the following statement:

Mr. Gittens stated he is employed as the Correctional Officer at the Metropolitan Detention Center in Brooklyn, New York. Mr. Gittens further stated he heard Officer Santana call for assistance on the radio. Mr. Gittens said he was working on the other range in SHU. Mr. Gittens also said when he arrived at inmate George's cell, several staff members had him on the ground and he was moving on the ground. Mr. Gittens stated staff in the cell had already placed handcuffs on him and he held his legs until staff placed leg irons on him. Mr. Gittens further stated he then escorted him to the Hospital with other staff. Mr. Gittens said he did not witness any staff member physically abusing inmate George.

On March 5, 2003, the Special Investigative Agent conducted an interview with **Kelly Tassio, Lieutenant** concerning the events that had taken place on November 13, 2002. Ms. Tassio made the following statement:

Ms. Tassio stated she is employed as a Lieutenant at the Metropolitan Detention Center in Brooklyn, New York. Ms. Tassio further stated Officer Santana called for assistance on the range and when he arrived on the range he observed inmate George in his cell with a white sheet tied around his neck that was attached to the window bars. Ms. Tassio said she, along with Captain Lopresti, Officer Roseberry, Officer Peterson, Officer Santana, and Officer Gittens entered the cell to remove the white sheet from around inmate George's neck. Ms. Tassio also said the Captain and Roseberry were the first staff to reach George and he started swinging at them with his fist.

Ms. Tassio stated she saw inmate George strike the Captain in his face with his fist. Ms. Tassio further stated staff in the cell placed inmate George on the ground and he continued to fight them. Ms. Tassio said inmate George attempted to bite Officer Peterson. Ms. Tassio also said they eventually gained control of inmate George and escorted him to the medical Department without further incident. Ms. Tassio stated she never physically abused inmate George and she did not witness any staff member physically abuse inmate George. Ms. Tassio further stated they used the minimum amount of force necessary to gain control of inmate George.

On March 5, 2003, the Special Investigative Agent conducted an interview with **Arcelio Torres, Correctional Officer** concerning the events that had taken place on November 13, 2002. Mr. Torres made the following statement:

Mr. Torres stated he is employed as a Correctional Officer at the Metropolitan Detention Center in Brooklyn, New York. Officer Santana had called for assistance and I had the range keys and I allowed staff onto the range to respond to the emergency. I did not witness the incident with inmate George.

On March 6, 2003, the Special Investigative Agent conducted an interview with **Steven Peterson, Correctional Officer** concerning the events that had taken place on November 13, 2002. Mr. Peterson made the following statement:

Mr. Peterson stated he is employed as the Correctional Officer at the Metropolitan Detention Center in Brooklyn, New York.

4

Mr. Peterson further stated Officer Santana called for assistance, when staff respon` d to the cell inmate Geor `  had a sheet tied around his neck th_. was attached to the tee ba_ on the window. Mr. Peterson said he, Santana, Lieutenant Tassio, Captain Lopresti, and Officer Roseberry entered the cell to remove the sheet from inmate George's neck. Mr. Peterson also said while they were attempting to remove the sheet from inmate George's neck he became very combative and punched Captain Lopresti in the face. Mr. Peterson stated they then placed him on the ground to gain control of him and he continued to fight them. Mr. Peterson further stated inmate George also attempted to bite him. Mr. Peterson said they placed him in restraints and he stopped being combative toward them. Mr. Peterson also said they then escorted him to be medically examined by medical staff. Mr. Peterson stated he did not witness any staff member physically abusing inmate George. Mr. Peterson further stated they used the minimum amount of force necessary to gain control inmate George because he became combative toward them when they tried to remove the sheet from his neck.



## ADDITIONAL INFORMATION

Inmate Robert George is currently pending prosecution for assaulting staff at MCC New York and assaulting Salvatore Lopresti. The use of force reports was reviewed and it indicated that the staff involved in the incident with inmate George acted in accordance with the Bureau of Prisons policy for use of force and application of restraints of inmates. Inmate George is currently being housed at the Springfield Medical Facility for a Psychological study.

## CONCLUSION

On March 5, 2003, Mr. Santana was interviewed concerning the events that had taken place on November 13, 2002, and he stated he did not witness any staff member physically abuse inmate George.

On March 5, 2003, Mr. Roseberry was interviewed concerning the events that had taken place on November 13, 2002, and he stated he did not physically abuse inmate George nor did he witness any staff member physically abuse inmate George. Mr. Roseberry also said they used enough force on inmate George to control the situation because he was assaulting and attacking staff.

On March 5, 2003, Mr. Gittens was interviewed concerning the events that had taken place on November 13, 2002, and he stated he did not witness any staff member physically abusing inmate George.

On March 5, 2003, Mr. Tassio was interviewed concerning the events that had taken place on November 13, 2002, and she stated she never physically abused inmate George and she did not witness any staff member physically abuse inmate George. Ms. Tassio further stated they used the minimum amount of force necessary to gain control of inmate George.

On March 6, 2003, Mr. Peterson was interviewed concerning the events that had taken place on November 13, 2002, and he stated he did not witness any staff member physically abusing inmate George. Mr. Peterson further stated they used the minimum amount of force necessary to gain control inmate George because he became combative toward them when they tried to remove the sheet from his neck.



Based on the statements from ████████████, Mr. Roseberry, Mr. Santana, Mr. Gittens, Ms. Tassio, and Mr. Peterson, along with the use of force reports, the allegation of physical abuse of an inmate is not sustained.

## ATTACHMENTS

1) Warning and Assurance to Employee Required to Provide Information Signed by Scott Roseberry, Correctional Officer, dated March 5, 2003.

2) United States D   irtment of Justice, Feder   Bureau of Prisons Affidavit signed by Scott Roseberry, Correctional Officer, dated March 5, 2003.

3) Warning and Assurance to Employee Required to Provide Information Signed by ~~████████████████~~ dated March 10, 2003.

4) United States Department of Justice, Federal Bureau of Prisons Affidavit signed by ~~████████████████████████~~ ~~████~~, dated March 10, 2003.

5) United States Department of Justice, Federal Bureau of Prisons Affidavit signed by Alfred Santana, Correctional Officer, dated March 5, 2003.

6) United States Department of Justice, Federal Bureau of Prisons Affidavit signed by Kirk Gittens, Correctional Officer, dated March 5, 2003.

7) United States Department of Justice, Federal Bureau of Prisons Affidavit signed by Arcelio Torres, Correctional Officer, dated March 5, 2003.

8) United States Department of Justice, Federal Bureau of Prisons Affidavit signed by Kelly Tassio, Lieutenant, dated March 5, 2003.

9) United States Department of Justice, Federal Bureau of Prisons Affidavit signed by Steven Peterson, Correctional Officer, dated March 6, 2003.

BP-S194.012 **WARNING AND ASSURANCE TO EMPLOYEE**
**REQUIRED TO PROVIDE INFORMATION** CDFRM
AUG 01
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

This is an official administrative inquiry regarding misconduct or improper
performance of official duties.

| This inquiry pertains to: Physical Abuse of an Inmate. |
|---|

The purpose of this interview is to obtain information which will assist in
the determination of whether administrative action is warranted.

You are going to be asked a number of questions regarding the performance
of your official duties.

You have a duty to reply to these questions and agency disciplinary action,
including dismissal, may be undertaken if you refuse or fail to reply fully
and truthfully.

Neither your answers nor any information or evidence gained by reason of
your answers can be used against you in any criminal proceeding, except
that if you knowingly and willfully provide false statements or information
in your answers, you may be criminally prosecuted for that action.  The
answers you furnish and any information or evidence resulting therefrom may
be used in the course of agency disciplinary proceedings which could result
in disciplinary action, including dismissal.

If you are a member of the bargaining unit and you believe you rights are
being threatened, you may request the presence of a representative.  If you
desire a representative, no further questioning will take place until your
representative is present.  However, if your representative is not
available within a reasonable period of time, questioning may proceed
without a representative being present.


**ACKNOWLEDGMENT**

I have read and understand my rights and obligations set forth above:

| Employee Signature | Date |
|---|---|
|  | 3/5/03 |
| Signature of Bureau of Prisons Official Conducting inquiry | Date |
|  | 3/5/03 |

(This form may be replicated via WP)            This form replaces BP-S194 dated AUG 93.

U.S. DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS
*MDC Brooklyn, New York 11232*

## AFFIDAVIT

County of Kings)

:ss#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

State of New York)

I Scott Roseberry of the Metropolitan Detention Center (MDC), Brooklyn, New York, make this statement freely without any promises or assurances:

*SR* 1.  That I have not taken any medication which would preclude me from providing a truthful statement, nor have I consumed any alcoholic beverages nor any illicit drugs prior to being interviewed.

*SR* 2.  That I do not have a recording device on my person or in my effects and I have been informed that this interview is not being recorded.

*SR* 3.  That I understand this is an official investigation and should cooperate fully by providing all pertinent information I may have.  I understand that I have a duty to reply to questions in this investigation, and disciplinary action, including dismissal, may be undertaken if I refuse to answer or fail to reply fully and truthfully to each question.

*SR* 4.  That I have cooperated fully with this investigation and I do not know of or have any additional information, that I have not already mentioned, concerning this case.  I have been informed that I am not to discuss this interview without the permission of this investigator.  I further understand that if I improperly discuss this matter, I may face adverse action to include removal from employment.

*SR* 5.  I understand this interview and affidavit is concerning the events that took place on November 13, 2002. It is alleged that I physically abused an inmate.

Page 1 of 2    Affiant's Initials ___SR___

U.S. DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS
*MDC Brooklyn, Brooklyn, New York 11232*

A F F I D A V I T  continued:

6. I am employed as the Correctional Officer at the Metropolitan Detention Center in Brooklyn, New York.

7. I was in SHU and Officer Santana called for assistance on the radio. Officer Santana was pointing at inmate George's cell door. When we looked in the door, inmate George had a sheet around his neck and the sheet was tied to the bars on the window. I entered the cell with Captain Lopresti, Lieutenant Tassio, Officer Peterson, and Officer Santana. We went to take the sheet from around inmate George's neck and he began swinging his arms in a violent manner at staff. Inmate George punched Captain Lopresti in his face. We took the sheet from him and placed him on the ground to gain control of him. Inmate George was struggling with us while he was on the ground and he tried to bite Officer Peterson. We placed inmate George in restraints along with a helmet on his head and escorted him to the hospital. I did not physically abuse inmate George nor did I witness any staff member physically abuse inmate George. We used enough force on inmate George to control the situation because he was assaulting and attacking staff.
/////////////////////// END OF STATEMENT ///////////////////////
Page 2 of 2    Affiant's Initials ___SR___

# OATH

I declare, under the pain and penalty of perjury, that the foregoing statement consisting of _2_ page(s) is true and accurate to the best of my knowledge and belief.

_____
*AFFIANT*

Subscribed and sworn to before me this _5_ day of _March_, 2003.

Authorized by 5 U.S.C. 303
to Administer Oaths

_____
*Special Investigative Agent*
*Federal Bureau of Prisons*
*MDC Brooklyn*

U.S. DEPARTMENT OF JUSTᴵᴱ
FEDERAL BUREAU OF PRISONS
*MDC Brooklyn, New York 11232*

---

A F F I D A V I T

County of Kings)

:ss#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

State of New York)

I Kelly Tassio of the Metropolitan Detention Center (MDC),
Brooklyn, New York, make this statement freely without any
promises or assurances:

1.    That I have not taken any medication which would preclude me
      from providing a truthful statement, nor have I consumed any
      alcoholic beverages nor any illicit drugs prior to being
      interviewed.

2.    That I do not have a recording device on my person or in my
      effects and I have been informed that this interview is not
      being recorded.

3.    That I understand this is an official investigation and
      should cooperate fully by providing all pertinent
      information I may have.  I understand that I have a duty to
      reply to questions in this investigation, and disciplinary
      action, including dismissal, may be undertaken if I refuse
      to answer or fail to reply fully and truthfully to each
      question.

4.    That I have cooperated fully with this investigation and I
      do not know of or have any additional information, that I
      have not already mentioned, concerning this case.  I have
      been informed that I am not to discuss this interview
      without the permission of this investigator.  I further
      understand that if I improperly discuss this matter, I may
      face adverse action to include removal from employment.

5.    I understand this interview and affidavit is concerning the
      events that took place on November 13, 2002. It is alleged
      that I witnessed a staff member physically abuse an inmate.

Page  of   *I*   Affiant's Initials _____

U.S. DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS
*MDC Brooklyn, Brooklyn, New York 11232*

A F F I D A V I T   continued:

6. I am employed as a Lieutenant at the Metropolitan Detention Center in Brooklyn, New York.

7. Officer Santana called for assistance on the range and when I arrived on the range I observed inmate George in his cell with a white sheet tied around his neck that was attached to the window bars. Myself, along with Captain Lopresti, Officer Roseberry, Officer Peterson, Officer Santana, and Officer Gittens entered the cell to remove the white sheet from around inmate George's neck. The Captain and Roseberry were the first staff to reach George and he started swinging at them with his fist. I saw inmate George strike the Captain in his face with his fist. Staff in the cell placed inmate George on the ground and he continued to fight us. Inmate George attempted to bite Officer Peterson. We eventually gained control of inmate George and escorted him to the medical Department without further incident. I never physically abused inmate George and I did not witness any staff member physically abuse inmate George. We used the minimum amount of force necessary to gain control of inmate George.

//////////////////// END OF STATEMENT ////////////////////
Page 2 of 2     Affiant's Initials _KT_

# OATH

I declare, under the pain and penalty of perjury, that the foregoing statement consisting of $2$ page(s) is true and accurate to the best of my knowledge and belief.

_____
AFFIANT

Subscribed and sworn to before me this __5__ day of _March_, 2003.

Authorized by 5 U.S.C. 303
to Administer Oaths

_____
Special Investigative Agent
Federal Bureau of Prisons
MDC Brooklyn

U.S. DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS
*MDC Brooklyn, New York 11232*

A F F I D A V I T

County of Kings)

: ss#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

State of New York)

I Arcelio Torres of the Metropolitan Detention Center (MDC),
Brooklyn, New York, make this statement freely without any
promises or assurances:

AT. 1.  That I have not taken any medication which would preclude me
from providing a truthful statement, nor have I consumed any
alcoholic beverages nor any illicit drugs prior to being
interviewed.

A.T 2.  That I do not have a recording device on my person or in my
effects and I have been informed that this interview is not
being recorded.

A.T 3.  That I understand this is an official investigation and
should cooperate fully by providing all pertinent
information I may have.  I understand that I have a duty to
reply to questions in this investigation, and disciplinary
action, including dismissal, may be undertaken if I refuse
to answer or fail to reply fully and truthfully to each
question.

A.T. 4.  That I have cooperated fully with this investigation and I
do not know of or have any additional information, that I
have not already mentioned, concerning this case.  I have
been informed that I am not to discuss this interview
without the permission of this investigator.  I further
understand that if I improperly discuss this matter, I may
face adverse action to include removal from employment.

A.T 5.  I understand this interview and affidavit is concerning the
events that took place on November 13, 2002. It is alleged
that I witnessed a staff member physically abuse an inmate.

Page *1* of *2*    Affiant's Initials *A.T*

U.S. DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS
*MDC Brooklyn, Brooklyn, New York 11232*

A F F I D A V I T   continued:

6. I am employed as a Correctional Officer at the Metropolitan Detention Center in Brooklyn, New York.

7. Officer Santana had called for assistance and I had the range keys and I allowed staff onto the range to respond to the emergency. I did not witness the incident with inmate George.
/////////////////////// END OF STATEMENT ///////////////////////
                    Page 2 of 2    Affiant's Initials  A·T

# OATH

I declare, under the pain and penalty of perjury, that the foregoing statement consisting of 2 page(s) is true and accurate to the best of my knowledge and belief.

_____
*AFFIANT*

Subscribed and sworn to before me this ⟨ day of *March*, 2003.

Authorized by 5 U.S.C. 303
to Administer Oaths

_____
Special Investigative Agent
Federal Bureau of Prisons
MDC Brooklyn

U.S. DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS
*MDC Brooklyn, New York 11232*

███████████████████████████████████████

══════════════════════════════════════════

A F F I D A V I T

County of Kings)

:ss#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

State of New York)

I Steven Peterson of the Metropolitan Detention Center (MDC), Brooklyn, New York, make this statement freely without any promises or assurances:

1.  That I have not taken any medication which would preclude me from providing a truthful statement, nor have I consumed any alcoholic beverages nor any illicit drugs prior to being interviewed.

2.  That I do not have a recording device on my person or in my effects and I have been informed that this interview is not being recorded.

3.  That I understand this is an official investigation and should cooperate fully by providing all pertinent information I may have.  I understand that I have a duty to reply to questions in this investigation, and disciplinary action, including dismissal, may be undertaken if I refuse to answer or fail to reply fully and truthfully to each question.

4.  That I have cooperated fully with this investigation and I do not know of or have any additional information, that I have not already mentioned, concerning this case.  I have been informed that I am not to discuss this interview without the permission of this investigator.  I further understand that if I improperly discuss this matter, I may face adverse action to include removal from employment.

5.  I understand this interview and affidavit is concerning the events that took place on November 13, 2002. It is alleged that I witnessed a staff member physically abuse an inmate.

Page 1 of 2    Affiant's Initials _____

U.S. DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS
*MDC Brooklyn, Brooklyn, New York 11232*

A F F I D A V I T  continued:

6. I am employed as a Correctional Officer at the Metropolitan Detention Center in Brooklyn, New York.

7. Officer Santana called for assistance, when staff responded to the cell inmate George had a sheet tied around his neck that was attached to the tee bar on the window. Myself, Santana, Lieutenant Tassio, Captain Lopresti, and Officer Roseberry entered the cell to remove the sheet from inmate George's neck. While we were attempting to remove the sheet from inmate George's neck he became very combative and punched Captain Lopresti in the face. We then placed him on the ground to gain control of him and he continued to be fight us. Inmate George also attempted to bite me. We placed him in restraints and he stopped being combative toward us. We then escorted him to be medically examined by medical staff. I did not witness any staff member physically abusing inmate George. We used the minimum amount of force necessary to gain control inmate George because he became combative toward us when we tried to remove the sheet from his neck.

///////////////////// END OF STATEMENT /////////////////////
Page 2 of 2    Affiant's Initials _____

# OATH

I declare, under the pain and penalty of perjury, that the foregoing statement consisting of 2 page(s) is true and accurate to the best of my knowledge and belief.

_____
AFFIANT

Subscribed and sworn to before me this 6 day of March, 2003.

Authorized by 5 U.S.C. 303
to Administer Oaths

_____
Special Investigative Agent
Federal Bureau of Prisons
MDC Brooklyn

U.S. DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS
*MDC Brooklyn, New York 11232*

## A F F I D A V I T

County of Kings)

:ss#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

State of New York)

I Kirk Gittens of the Metropolitan Detention Center (MDC), Brooklyn, New York, make this statement freely without any promises or assurances:

1. *KG* That I have not taken any medication which would preclude me from providing a truthful statement, nor have I consumed any alcoholic beverages nor any illicit drugs prior to being interviewed.

2. *KG* That I do not have a recording device on my person or in my effects and I have been informed that this interview is not being recorded.

3. *KG* That I understand this is an official investigation and should cooperate fully by providing all pertinent information I may have.  I understand that I have a duty to reply to questions in this investigation, and disciplinary action, including dismissal, may be undertaken if I refuse to answer or fail to reply fully and truthfully to each question.

4. *KG* That I have cooperated fully with this investigation and I do not know of or have any additional information, that I have not already mentioned, concerning this case.  I have been informed that I am not to discuss this interview without the permission of this investigator.  I further understand that if I improperly discuss this matter, I may face adverse action to include removal from employment.

5. *KG* I understand this interview and affidavit is concerning the events that took place on November 13, 2002. It is alleged that I witnessed a staff member physically abuse an inmate.

Page 1 of 2   Affiant's Initials ___*KG*___

U.S. DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS
*MDC Brooklyn, Brooklyn, New York 11232*

A F F I D A V I T   continued:
6 KG I am employed as a Correctional Officer at the Metropolitan
Detention Center in Brooklyn, New York.

7 KG I heard Officer Santana call for assistance on the radio. I was
working on the other range in SHU. When I arrived at inmate
George's cell, several staff members had him on the ground and he
was moving on the ground. Staff in the cell had already placed
handcuffs on him and I held his legs until staff placed leg irons
on him. I then escorted him to the Hospital with other staff. I did
not witness any staff member physically abusing inmate George.
//////////////////// END OF STATEMENT ////////////////////////
Page 2 of 2      Affiant's Initials __KG__

# OATH

I declare, under the pain and penalty of perjury, that the foregoing statement consisting of _2_ page(s) is true and accurate to the best of my knowledge and belief.

_Kirk Gitters_
_AFFIANT_

Subscribed and sworn to before me this _5_ day of _March_ 2003.

Authorized by 5 U.S.C. 303
to Administer Oaths

Special Investigative Agent
Federal Bureau of Prisons
MDC Brooklyn

U.S. DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS
*MDC Brooklyn, New York 11232*

A F F I D A V I T

County of Kings)

:ss#

State of New York)

I Alfred Santana of the Metropolitan Detention Center (MDC),
Brooklyn, New York, make this statement freely without any
promises or assurances:

1. That I have not taken any medication which would preclude me
   from providing a truthful statement, nor have I consumed any
   alcoholic beverages nor any illicit drugs prior to being
   interviewed.

2. That I do not have a recording device on my person or in my
   effects and I have been informed that this interview is not
   being recorded.

3. That I understand this is an official investigation and
   should cooperate fully by providing all pertinent
   information I may have.  I understand that I have a duty to
   reply to questions in this investigation, and disciplinary
   action, including dismissal, may be undertaken if I refuse
   to answer or fail to reply fully and truthfully to each
   question.

4. That I have cooperated fully with this investigation and I
   do not know of or have any additional information, that I
   have not already mentioned, concerning this case.  I have
   been informed that I am not to discuss this interview
   without the permission of this investigator.  I further
   understand that if I improperly discuss this matter, I may
   face adverse action to include removal from employment.

5. I understand this interview and affidavit is concerning the
   events that took place on November 13, 2002. It is alleged
   that I witnessed a staff member physically abuse an inmate.

Page  of  20 F 2  Affiant's Initials _____

U.S. DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS
*MDC Brooklyn, Brooklyn, New York 11232*

A F F I D A V I T  continued:
6. I am employed as a Correctional Officer at the Metropolitan
Detention Center in Brooklyn, New York.

7. I was making rounds on the range and inmate George informed me
that he was going to hang himself. I ran to the telepone to call
Lieutenant Tassio for assistance. I then went back to inmate
George's cell and he had sheet tied to the tee bar in the cell and
was putting the sheet around his neck. I opened the cell door when
Captain Lopresti, Lieutenant Tassio, Officer Peterson, and Officer
Roseberry arrived on the range. We entered the cell to remove the
sheet from inmate George's neck and he became combative. He struck
the Captain in his face. We then placed inmate George on the ground
and he continued to struggle with us. We placed inmate George in
restraints and gained control of him. We then escorted inmate
George to be examined by medical staff. I did not witness any staff
member physically abuse inmate George.

//////////////////// END OF STATEMENT ////////////////////
                    Page 2 of 2     Affiant's Initials ____

# OATH

I declare, under the pain and penalty of perjury, that the foregoing statement consisting of 2 page(s) is true and accurate to the best of my knowledge and belief.

_AFFIANT_

Subscribed and sworn to before me this 5 day of March, 2003.

Authorized by 5 U.S.C. 303
to Administer Oaths

Special Investigative Agent
Federal Bureau of Prisons
MDC Brooklyn